**In re:  ACTION REDI–MIX CORP., Debtor.**

**Action Redi–Mix Corp., Debtor–Plaintiff,**

York, sitting by designation.

New York State Department of Taxation and Finance, Internal Revenue Service, Defendants–Appellees,

v.

LaFarge Corporation, Defendant–Appellant.

No. 05–3165–BK.

United States Court of Appeals,
Second Circuit.

April 11, 2006.

Lawrence E. Tofel, Tofel & Partners, LLP, New York, NY, for Appellant.

Michael R. Holden, Assistant United States Attorney (Michael J. Garcia, United States Attorney, David S. Jones, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Defendant–Appellee Internal Revenue Service,[1] for Appellees.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and REENA RAGGI, Circuit Judges.

SUMMARY ORDER

Defendant–Appellant LaFarge Corporation ("LaFarge") appeals from a June 13, 2005 order of the District Court affirming a December 17, 2003 order of the Bankruptcy Court (Adlai S. Hardin, *Judge*) granting the motion for summary judgment of Debtor–Plaintiff Action Redi–Mix Corporation ("Action Redi–Mix" or "Debt-

or") in an adversary proceeding brought against LaFarge and two of Action Redi–Mix's other creditors, the Internal Revenue Service ("IRS") and the New York State Department of Taxation and Finance ("NYSDTF"), to determine, *inter alia*, whether LaFarge's claim against Action Redi–Mix was unsecured. In opposing the motion for summary judgment, LaFarge contended that ten cement mixer trucks (the "Collateral") pledged to it as security by Action Redi–Mix were not part of the bankruptcy estate because they were not in fact owned by Debtor, but, rather, by a distinct entity named "Action Redi–Mix Group." The Bankruptcy Court found no genuine issue of material fact concerning Debtor's ownership of the Collateral and accordingly determined that the Collateral was part of the estate. The Court further concluded that because the IRS and NYSDTF had claims which together exceeded $4.5 million, a sum far greater than the value of the Collateral, and because those claims were secured by senior liens on the Collateral, LaFarge's $353,516.57 claim against the estate was unsecured. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

LaFarge argues that the Bankruptcy Court erred because (1) there was a genuine issue of material fact as to the ownership of the Collateral and (2) there was no proper "purpose" for the adversary proceeding. Upon *de novo* review, *see, e.g.*, *Conn. Dep't of Social Servs. v. Leavitt*, 428 F.3d 138, 143 (2d Cir.2005) (grant of summary judgment reviewed *de novo*), we conclude, substantially for the reasons set forth in the District Court's Memorandum and Order, that Debtor's motion for summary judgment was properly granted.

---

1. The New York State Department of Taxation and Finance did not file a brief in connection with this appeal.

*See In re: Action–Redi–Mix Corp.*, No. 03–9583, Memorandum and Order (S.D.N.Y. June 13, 2005) ("Memorandum and Order").

The Bankruptcy Court appropriately entertained the adversary proceeding for the purposes of facilitating the formulation of a plan and determining whether and to what extent LaFarge had a secured claim that entitled it to adequate protection payments. *See* 11 U.S.C. § 506(a)(1) (authorizing determination of the value of a putative secured claim "in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest"); *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 90–91 (2d Cir.2003) (citing 3 Collier on Bankruptcy ¶ 506.03[4][a][iv] (15th ed.2003) for the proposition that " '[s]ection 506(a) establishes the existence and extent of the creditor's secured claim for purposes of the adequate protection determination").

The evidence before the Bankruptcy Court conclusively established that the Collateral belonged to Debtor. The mere fact that "Action Redi–Mix Group" appeared on certain forms submitted to the Department of Motor Vehicles was insufficient to generate a genuine issue of material fact with respect to the ownership of the Collateral because the principal of Debtor testified that no distinct entity with the "Group" designation existed, and LaFarge failed to present any affirmative evidence suggesting the existence of such an entity. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (requiring a party to present "affirmative evidence" in order to defeat a properly supported motion for summary judgment); *Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 86 (2d Cir. 2005) (same). Consequently, as the District Court explained, "[t]he reference to Action Redi–Mix Group … may be seen either as a clerical error or simply an alternative reference to the Debtor." Memorandum and Order 4. In any event, even if evidence had been introduced suggesting that "Action Redi–Mix Group" was a distinct entity that owned the Collateral, nothing in the record indicates that that entity would have been bound by a security interest conferred by Debtor.

We have considered all of LaFarge's remaining arguments on appeal and find them to be without merit. We therefore AFFIRM the judgment of the District Court.